THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **WP PRODUCTIONS and OUTFITTERS ASSOCIATION OF AMERICA,** | ) | |
| **Plaintiffs,** | ) | **Civil Action No. 7:04-cv-15 (HL)** |
| **v.** | ) | |
| **PHD MICHIGAN, L.L.C.,** | ) | |
| **Defendant.** | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS, TRANSFER, OR STAY**

There are currently two cases pending between the above-captioned parties: the present case in this Court and a parallel case in the Eastern District of Michigan, PHD Michigan, L.L.C. and DaimlerChrysler Motors Co., L.L.C. v. Outdoor Association of America, WP Productions, and Wayne Pearson, Case No. 04-73964 (E.D.Mich.). Both cases arise from a contract or series of contracts between WP Productions and Outfitters Association of America ("OAA") on one side and DaimlerChrysler Motors and PHD Michgan (formerly known as "PentaCom") on the other side. Defendant in the present case, PHD Michigan, has moved the Court to dismiss, transfer, or stay the present action so that the litigation may proceed in the Eastern District of Michigan. Upon review of the arguments of counsel and the relevant legal authorities, the Court finds that transfer of this case to the Michigan court is warranted for the convenience of the parties and witnesses and in the interests of justice. Accordingly, the motion to transfer is **GRANTED**.

The present case was filed in this Court on March 9, 2004. The original complaint named a related company, BBDO Detroit ("BBDO") as Defendant and alleged that BBDO had failed to make payments for advertising and promotional services that Plaintiffs had provided pursuant to a contract. In its answer BBDO asserted that it was not a proper party defendant in the case and that it had never entered into a contract with Plaintiffs. On October 22, 2004, BBDO moved to dismiss the complaint on the grounds that it was not a proper party defendant. The Court granted this motion in a December 17, 2004 Order. In that Order, the Court found that the contract in question was between Plaintiffs and PHD Michigan and that there was no privity of contract between Plaintiffs and BBDO. On November 1, 2004, before the Court had ruled on BBDO's motion to dismiss, Plaintiffs moved to add PHD Michigan as a defendant. The Court granted that motion on November 16.

The Michigan action commenced several months after the complaint was filed in this Court, but before PHD Michigan was named as the proper defendant. PHD Michigan and DaimlerChrysler Motors filed their complaint in the Eastern District of Michigan on October 8, 2004. As plaintiffs in that case, PHD and DaimlerChrysler contended that WP Productions and OAA, both companies owned by Wayne Pearson, failed to meet their obligations under a contract to produce and distribute a promotional Outdoor Almanac Directory. The Michigan complaint further alleged that WP Productions, OAA, and Mr. Pearson fraudulently represented that they had produced and distributed the almanac. The defendants in the Michigan case filed a motion to dismiss for lack of personal jurisdiction, which was denied in

a February 16, 2005 order by United States District Judge Nancy G. Edmunds. The defendants also moved the Michigan court to transfer the case to the Middle District of Georgia pursuant to 28 U.S.C. § 1404(a). That motion was denied in an April 29, 2005 order.

It is in the interests of justice and efficiency to transfer this case to the Eastern District of Michigan, where it can be considered with the more complete Michigan case. The United States Code provides, at 28 U.S.C. § 1404(a), that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The Defendant, moving for transfer, bears the burden to establish that there should be a change of venue. Mason v. SmithKline Beecham Clinical Laboratories, 146 F.Supp.2d 1355, 1359 (S.D.Fla. 2001). To meet this burden, Defendant must show first that the action could have been brought in the alternative venue and second that a balance of public and private factors warrants the transfer. Id. There is a presumption in favor of the Plaintiffs' choice of forum which should only be disturbed if it is "clearly outweighed" by other considerations. Id. (quoting Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

Defendants have shown that this action could have been brought in the District Court for the Eastern District of Michigan, where there is personal jurisdiction and where venue is proper. In her February 16, 2005 order on the motion to dismiss, Judge Edmunds set forth in detail that her court's exercise of personal jurisdiction was authorized by Michigan law and in accordance with the Due Process Clause of the Fourteenth Amendment. There is no reason

to reiterate Judge Edmunds' reasoning in full, and no reason to question her conclusion. It is evident from the record before this Court that the contract or contracts from which this case arises were negotiated and substantially executed within the State of Michigan and that the Plaintiffs in this case had significant contacts with the State of Michigan throughout the transactions in question. Venue is established pursuant to 28 U.S.C. § 1391(a) in that all Defendants reside in the Eastern District of Michigan and a substantial part of the events giving rise to the claims in this case occurred in that jurisdiction.

The interests of justice and the balance of conveniences make the Michigan jurisdiction a more appropriate forum for the resolution of this dispute. Courts have outlined a list of public and private factors to consider when weighing the merits of competing venues, including: "(1) the plaintiffs choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system." Gould v. National Life Ins. Co., 990 F.Supp. 1354, 1357-58 (M.D.Ala. 1998).

Weighing most heavily in favor of transfer in this case is the greater efficiency that would be served by allowing the case to be heard in the same forum as the Michigan case. Both that case and this case arise from the same series of transactions, and will raise many related issues. It is likely that discovery will overlap and that many of the same witnesses will be necessary for both cases. To have both cases heard in the same forum will avoid

duplication of efforts and present less risk of conflicting or inconsistent outcomes. The Michigan forum is the more efficient forum, as the Michigan case is the more complete case, involving all of the parties to the agreements in question, including DaimlerChrysler and Wayne Pearson, who are not named in the present suit. Should the District Court in Michigan see fit, this case can easily be incorporated into the Michigan case as a counterclaim by WP Productions and OAA. Though the full record of the Michigan case is not before this Court, Judge Edmunds' order denying the motion to transfer suggests that such a counterclaim may already have been made in that case.

Although efficiency might be insufficient alone to outweigh a plaintiff's choice of forum, in this case the interest in honoring Plaintiffs' choice of forum is balanced by the fact that Plaintiffs in the Michigan case also have an interest in their own choice of forum. Balancing these competing interests requires some attention to the "first filed" rule, which holds that "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." Allstate Ins. Co. v. Clohessy, 9 F.Supp.2d 1314, 1315-16 (M.D.Fla. 1998). The Complaint filed in this Court on March 9, 2004 was the first filed litigation related to the promotional contracts in dispute, even if Plaintiffs initially named an improper defendant. The Michigan litigation, filed in October 2004, came later. It is not relevant that Plaintiffs added PHD Detroit after the Michigan litigation began. Plaintiffs in this jurisdiction were the first to raise the controversy regarding breach of the contract or contracts.

Although an important consideration, the first filed rule "is not meant to be rigid, mechanical or inflexible, but is to be applied in a manner that best serves the interests of justice." Barnett v. Alabama, 171 F.Supp.2d 1292, 1296 (S.D.Ala. 2001). Departure from the rule is warranted "when there is a showing of balance of convenience in favor of the second forum or there are special circumstances which justify giving priority to the second action." Id. In this case, it is important that Michigan is the primary locus of operative fact giving rise to the issues in dispute. The contracts at issue were negotiated and executed in Michigan. There is no indication that any representative of PHD Detroit or DaimlerChrysler ever traveled to Georgia in connection with the negotiation, execution, or performance of any contracts, while it appears from the record that OAA established an office in Bloomfield Hills, Michigan for communication with PHD Detroit and DaimlerChrysler. Because Michigan is the locus of the contract, it is most likely that Michigan law will govern the dispute over its alleged breach.

It is also significant that the two actions are not truly parallel or competing cases. The case in this Court raises only claims against PHD Detroit for breach of contract related to payment for television advertising. The Michigan action raises breach of contract claims against WP Productions, OAA, and Wayne Pearson related to the production and distribution of the Outdoor Almanac Directory, and also sets forth intentional tort claims for fraud. In addition to their allegations of breach, the Michigan plaintiffs contend that WP Productions, OAA, and Mr. Pearson made material misrepresentations with regard to the number of Outdoor Almanac Directories printed and distributed. The two cases could proceed separately in

separate courts despite the inefficiencies and risks of inconsistency that separate proceedings would create. It is foreseeable that there would be considerable overlap of the issues in the two cases. As Defendant in the case in this Court, PHD Michigan might assert the alleged breach or fraud by the Plaintiffs as a defense or reason for its alleged failure to pay. As noted above, as defendants in the Michigan action, WP Productions and OAA might assert their claims of breach as a counterclaim. Because of the potential for needless duplication of efforts, it would be more efficient and sensible to allow the two cases to be consolidated in the same court.

The Michigan court is the more sensible venue for both cases. The case currently pending in that venue is more complete and the venue itself has more direct relationship to the subject matter of the disputes in both cases. The Michigan action includes all of the interested parties, including Mr. Pearson and DaimlerChrysler, who are not parties to the action in this Court. The substance of the case in this Court could be easily consolidated into the Michigan case as a counterclaim. The conveniences of the parties and witnesses are roughly equal between the two venues, with the balance tilted slightly in favor of Michigan. As the venue impacts the parties themselves, obviously Michigan is a more convenient venue for Defendant, which is a resident of Michigan, while Georgia is more convenient for Plaintiffs, which are residents of Georgia. The record indicates, however, that Plaintiffs are sophisticated businesses with the resources to transact business or conduct litigation in Michigan. It appears from the Plaintiffs' discovery responses in this case that the majority of the witnesses are located in Michigan. All of the employees for the Defendants in this case reside in Michigan.

At least one of the Plaintiffs' employees resides in Michigan. The rest of Plaintiffs' employees reside in Georgia. During discovery, it can be presumed that the parties will have to travel to the witnesses' locations regardless of which venue is selected. Only during trial does one venue become more inconvenient for one group of witnesses or the other. The record also indicates that some documentary evidence is located in the offices of the Defendant in Michigan, some in the offices of the Plaintiffs in Georgia. Plaintiffs also contend that some of their documents related to the production of the Almanacs is located with the printers in Florida. That evidence is most relevant to the Michigan litigation and it is not apparent that it has any bearing on the specific issues involved in the present case in this Court.

Where the balance of convenience and inconvenience is roughly equal between the two venues, the greater connection the Michigan venue to the events in controversy combines with the more complete nature of the Michigan action to weigh heavily in favor of transfer to that court. It is in the interests of justice and judicial efficiency that this case be heard in the forum most related to the transactions in dispute and in conjunction with the more complete litigation that is already pending there. Accordingly, the Clerk of Court is hereby directed, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Eastern District of Michigan, Southern Division.

This the 3rd day of June, 2005.

**s/ Hugh Lawson**
**HUGH LAWSON, JUDGE**

chw